## 54173. LAKESHORE PLAZA ENTERPRISES, INC. v. BENNING CONSTRUCTION COMPANY et al.

DEEN, Presiding Judge.

The appellant owner, engaged in construction of a shopping center, entered into a contract with the appellee contractor for roofing various buildings in March, 1968. Work was accepted and one store opened in May and another in August, 1969. On October 8, 1969, the contractor executed the following warranty: "Benning Construction Co., as general contractor on the above stated job, does hereby guarantee that all work executed under the plans and specifications will be free from defects of materials and workmanship for a period of one year from date of final acceptance (opening) of the various stores as shown below, and states that all defects occurring within the period shall be promptly repaired or replaced at no cost to the owner." The roofs of the two buildings involved leaked almost immediately and the contractor was notified. This action was filed in September, 1975: Count 1 alleges a breach of contract in installing a 2-ply rather than a 4-ply roof and failure to repair. Count 2 specifically alleges that the installation constituted deficient construction of improvements to

plaintiff's real property resulting in damages to it. The trial court granted the defendant's motion for judgment on the pleadings. *Held:*

The applicable statute of limitation here is Code § 3-1006: "No action to recover damages (1) for any deficiency in the . . . construction of an improvement to real property . . . shall be brought against any person performing or furnishing the . . . construction of such an improvement more than eight years after substantial completion of such an improvement." This applies to both counts, without regard to the position taken by the litigants that Count 1 is based on the warranty and Count 2 on the initial contract. Additionally, the argument of the appellee that the warranty builds in a one year statute of limitation on an action for defective workmanship and material is erroneous, the limitation not reaching the date of filing of an action but only the date of manifestation of the defect.

In *Caroline Realty Invest., Inc. v. Kuniansky,* 127 Ga. App. 478 (194 SE2d 291) there was a warranty to the effect that the builder-seller "will for a period of one year from August 1, 1966, make all repairs to said [property] which become necessary due to defects of any kind because of faulty material and/or faulty workmanship." The action there was based on damages caused by a collapsing roof, which did not occur until some four years later. As that decision holds, the warranty did not apply to a defect not occurring within a period of one year. Further, as decided in *Welding Products of Ga. v. Kuniansky,* 125 Ga. App. 537 (188 SE2d 278) (an earlier appearance of the same case) the defendant, a *builder-seller,* was not liable to the plaintiff purchaser for property damage resulting from mere negligence in construction. Thus, the fact situation in the *Kuniansky* cases is inapposite here.

The trial court erred in granting the defendant's motion for judgment on the pleadings.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 12, 1977 — REHEARINGS DENIED JULY 27, 1977 — 

*Telford, Stewart & Stephens, Joe K. Telford, Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III, Stokes & Shapiro, Stephen M. Phillips, Harold S. White,* for appellees.