32864. BENNING CONSTRUCTION COMPANY et al.
v. LAKESHORE PLAZA ENTERPRISES, INC.
32886. R. L. SANDERS ROOFING COMPANY v.
LAKESHORE PLAZA ENTERPRISES, INC. et al.

BOWLES, Justice.

This court granted applicant's petition for a writ of certiorari to review the decision and judgment of the Court of Appeals in *Lakeshore Plaza Enterprises v. Benning Const. Co.,* 143 Ga. App. 58 (237 SE2d 524) (1977).

The pertinent facts are as follows: On March 25, 1968, Lakeshore Plaza Enterprises, Inc. (hereinafter referred to as Lakeshore) entered into a contract with the Benning Construction Company (hereinafter referred to as Benning) for the construction of an addition to a shopping center owned by Lakeshore. Construction on the buildings involved in this lawsuit proceeded to completion with one store opening on May 1, 1969, the other on August 15, 1969.

On October 8, 1969, Benning executed the following "guarantee": "Benning Construction Co., as general contractor on the above stated job, does hereby guarantee that all work executed under the plans and specifications will be free from defects of materials and workmanship for a period of one year from date of final acceptance (opening) of the various stores as shown below, and states that all defects occurring within the period shall be promptly repaired or replaced at no cost to the owner." The roofs of the two buildings involved leaked almost immediately and Benning was notified. Benning, however, informed Lakeshore that the leaks were not caused by defects in materials and workmanship.

On September 19, 1975, Lakeshore filed suit against Benning in one count, seeking recovery on the one year guarantee. Lakeshore's complaint alleged that Benning had failed to install the roof as called for in the plans and specifications, that the roofs began to leak within the one (1) year guarantee period, and that Benning, in violation of the terms of the guarantee, had refused to repair or replace the roofs at no expense to Lakeshore.

In answering the complaint, Benning raised the six

year statute of limitation for simple contracts in writing (Code Ann. § 3-705), as a defense and filed a motion for judgment on the pleadings. Immediately following Benning's motion, Lakeshore amended its complaint to add an additional count based upon the original March 25, 1968 construction contract. Lakeshore alleged that the installation of a 2-ply defective roof instead of the 4-ply bondable roof called for in the contract constituted a deficiency in the construction and improvement of its real property from which it had sustained damages. Benning filed an answer to the amended complaint, adopting its previous statute of limitation defense as to Count 2 of Lakeshore's complaint, and filed an amended motion for judgment on the pleadings. Benning's motion for judgment on the pleadings, as amended, was heard and granted.

On appeal, the Court of Appeals reversed the trial court's grant of Benning's motion and held that the statute of limitation applicable to both counts of Lakeshore's complaint was the eight year statute of limitation in Code Ann. § 3-1006. We disagree with the decision of the Court of Appeals and hold that Code Ann. § 3-705 sets forth the limitation period applicable to both counts of Lakeshore's complaint.

Prior to the enactment of Code Ann. §§ 3-1006 through 3-1011, an architectural firm or construction company which designed or built a structure could be sued at any time by third parties no matter how many years had passed since the architects' or contractors' work had been completed, so long as the third party brought suit within the applicable statute of limitation commencing to run from the date of injury caused by the alleged defect. Legislation similar to Code Ann. §§ 3-1006 through 3-1011 has been enacted in many jurisdictions in response to the demands of architects, engineers and contractors who wanted to be provided with immunity from suit after a reasonable period of time from their completion of an improvement to real property. See Limitation of Action Statutes for Architects and Builders — Blueprints for Non-Action, 23 Cath. L. Rev. 361 (1969).

Our Code Ann. § 3-1006 provides that "No action for damages (1) for any deficiency in . . . the construction of an

improvement to real property . . . shall be brought against any person performing or furnishing the . . . construction of such an improvement *more than eight years after substantial completion of such an improvement."* (Emphasis supplied.) In applying this Code section, however, the Court of Appeals failed to recognize Code Ann. § 3-1008 which provides that "Nothing in this law [§§ 3-1006 through 3-1011] shall extend the period of limitations prescribed by the law of this State for the bringing of any action or postpone the time as of which a cause of action accrues."

It is clear from a reading of Code Ann. § 3-1008 that the legislature never intended Code Ann. § 3-1006 to establish a new eight year statute of limitation in place of the two, four and six years statutes[1] that may be applicable depending on the cause of action alleged. Code Ann. § 3-1006 was intended to establish an outside time limit which would commence upon the substantial completion of an improvement to the real property, within which preexisting statutes of limitation would continue to operate. Accord, Lee v. Fister, 413 F2d 1286 (6th Cir. 1969); Federal Reserve Bank of Richmond v. Wright, 392 FSupp. 1126 (E. D. Va. 1975); Grissom v. North American Aviation, Inc., 326 FSupp. 465 (M. D. Fla. 1971).

Having held that the Court of Appeals erred in applying the eight year statute of limitation (Code Ann. § 3-1006), we must determine what limitation period applies as regards Counts 1 and 2 of Lakeshore's complaint.

Count 2 of the complaint is based upon the initial construction contract, and, therefore, the six year statute

---

[1] Code Ann. § 3-1004, two years for injury to the person;

Code Ann. § 3-1001, four years for trespass upon or damage to realty;

Code Ann. § 3-1002, four years for injury to personalty;

Code Ann. § 3-1003, four years for destruction of personal property;

Code Ann. § 3-705, six years for simple contracts in writing.

of limitation which governs simple contracts in writing applies. Code Ann. § 3-705. The two stores involved in the instant suit were accepted and had opening dates of May 1st and August 15, 1969. The initial action was not filed until September 19, 1975, and Lakeshore's amendment setting forth Count 2 was not filed until November 24, 1976. Neither the initial complaint nor the amendment thereto was filed within the six year limitation period and, therefore, the trial court's grant. of Benning's motion for judgment on the pleadings in regard to Count 2 was correct.

The six year limitation period of Code Ann. § 3-705 is also applicable to Count 1 of Lakeshore's complaint, however, it presents us with a more difficult question. The "guarantee" provided that all work performed by Benning "will be free from defects of materials and workmanship for a period of one year from the date of final acceptance (opening) of the various stores. . ." As already stated, these critical dates were May 1, 1969 and August 15, 1969, respectively.

Benning contends that the six-year statute of limitation commenced running upon the effective date of the guarantee as regards each store involved. This position cannot be sustained since it creates an incongruous result. If, for example, Benning had given a guarantee extending ten years from the date of completion, instead of the one year guarantee provided for in the instant case, could Benning argue that the six year statute of limitation ran from the date of final acceptance? Such a contention would mean that a cause of action would be barred by the statute of limitation in the sixth year even though a defect which occurred in the seventh, eighth, ninth or tenth year was covered by the guarantee. Such a result could make guarantees of this kind meaningless.

In the instant case, Benning's obligation under the "guarantee" to "repair or replace" any "defects of materials and workmanship" did not arise until Benning was notified by Lakeshore of the alleged defects. No breach of the "guarantee" could have occurred until that time.

With this in mind, we hold that the six year statute of

limitation applies and commenced to run from the date that Benning was notified by Lakeshore of the alleged defects in the construction of the two stores involved herein. In so holding it would follow that the required notice must be seasonably given.

We have reviewed the record in this case, and having found no evidence as to the exact dates Lakeshore discovered and thereafter notified Benning of the alleged defects in the roofs, we cannot determine if Lakeshore's action has been barred by the six year statute of limitation in Code Ann. § 3-705. Therefore, this case must be remanded to the trial court to determine when Benning was notified of the alleged defects which Lakeshore contends were covered by the one-year guarantee, with direction that the statute of limitation in Code Ann. § 3-705 be applied from that date.

*Judgment reversed and remanded for further proceedings not inconsistent with this opinion. All the Justices concur, except Marshall, J., who is disqualified.*

32864, ARGUED NOVEMBER 14, 1977; 32886, SUBMITTED OCTOBER 28, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III,* for Benning Construction Co. et al.

*Stokes & Shapiro, Stephen M. Phillips, Sally A. Blackmun,* for R. L. Sanders Roofing Co.

*Greene, Buckley, DeRieux & Jones, Harold S. White,* for R. L. Sanders Roofing Co. and Benning Construction Co. et al.

*Telford, Stewart & Stephens; Joe K. Telford, John E. Girardeau, Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellees.

*Smith, Currie & Hancock, Robert B. Ansley, Jr., Stokes & Shapiro, Stephen M. Phillips, Sally A. Blackmun, Sutherland, Asbill & Brennan, James P. Groton, Alfred A. Lindseth,* amicus curiae.