68638. CLONTS v. SCHOLLE.
(324 SE2d 496)

McMURRAY, Chief Judge.

Peter Scholle brought suit against Wesley Clonts in the Superior Court of Oconee County on September 9, 1981. In his complaint, plaintiff alleged that the parties entered into a contract on or about September 16, 1975; pursuant to the contract, defendant was to build a house on property owned by the plaintiff; defendant breached the contract "by failing to properly complete certain items within said residence"; and that defendant was liable to plaintiff in an amount to be determined as a consequence of the breach. Defendant answered the complaint, denying the material allegations thereof. Additionally, defendant counterclaimed for the balance allegedly due and owing under the contract. Following discovery, a pre-trial order was entered on October 25, 1982. The order recited, inter alia, that plaintiff had been granted leave to amend his complaint to seek damages for "defective workmanship throughout the job." Thereafter, on November 15, 1982, plaintiff amended the complaint by adding an additional count. The amendment sought damages because the "residence was constructed with poor workmanship and inferior materials." Defendant responded to the amendment by alleging that the claim was barred by "the applicable statute of limitations" and an "accord and satisfaction."

The case proceeded to trial and the jury rendered a verdict in favor of plaintiff and against defendant in the amount of $6,575. Judgment was entered accordingly. Defendant moved for a judgment notwithstanding the verdict or, alternatively, a new trial. The motion was overruled and defendant appeals. *Held*:

1. The parties entered into the contract on September 15, 1975, and construction began shortly thereafter. The home was completed on March 9, 1976. The complaint was filed on September 9, 1981. The amendment to the complaint, setting forth the breach of warranty claim, was filed on November 15, 1982.

Paragraph 10 of the contract contained an express warranty which reads as follows: "Contractor agrees to warrant that the dwelling is constructed in substantial conformity with the plans and specifications, including amendments thereto, free from defects in material and workmanship, except such items that carry a manufacturer's warranty, for a period of one (1) year from date of completion of said dwelling, which said completion shall be determined by said lending institution and Contractor."

Defendant contends that the contract limits his liability for breach of warranty to one year after the house was completed and that, therefore, the trial court erred in failing to dismiss the defective materials and workmanship claim. Defendant's contention is cogently set forth in his brief as follows: "The unambiguous language of paragraph 10 of the building contract limits the contractor's liability to one year. Therefore, the owner's primary claim, which was filed by amendment over six (6) years after the completion of the project, is time-barred." Compare *Norair Engineering Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595, 601 (3) (249 SE2d 642). This contention is without merit.

In the first place, we observe that the six-year statute of limitation did not commence running upon the completion of the house. The warranty obligation did not arise until defendant was notified by plaintiff of the alleged defects and such notice must be seasonably given. "No breach of the 'guarantee' could have occurred until that time." *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 429 (241 SE2d 184).

Second, we note that the amendment to the complaint relates back to the date upon which the original complaint was filed, i.e., September 9, 1981. OCGA § 9-11-15 (c) (formerly Code Ann. § 81A-115 (c)) provides, in part: "Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The aim of this Code section "is to ameliorate the impact of the statute of limitation." *Rich's, Inc. v. Snyder*, 134 Ga. App. 889, 892 (3) (216 SE2d 648). Since the claim set forth in the amendment to the complaint arises out of the transaction asserted in the original complaint, the amendment relates back to the original pleading and the impact of the statute of limitation is ameliorated. It cannot be said, therefore, that the breach of warranty claim is time-barred.

2. Defendant contends the trial court erred in failing to grant defendant's motion for a directed verdict with regard to the accord and satisfaction defense. The evidence concerning the nature and effect of the alleged accord and satisfaction was in conflict. Defendant contended the plaintiff was to pay him on a piecemeal basis for the items which defendant completed on the "punch list." On the other hand, the plaintiff averred that he was not to pay the balance owed to the defendant until all of the items on the "punch list" were finished. "An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding." *Penn. Threshermen &c. Ins. Co. v. Hill*, 113 Ga. App. 283, 293 (3) (148 SE2d 83). Assuming the evidence was sufficient to authorize the jury to determine that there was an accord and satisfaction, such a finding was not demanded. *Mason Gin &c. Co. v. Piedmont Acid Delinting*, 126 Ga. App. 298 (190 SE2d 604). The trial court did not err in failing to grant the defendant's motion for a directed verdict.

3. Defendant contends the trial court erred by failing to instruct the jury with regard to impeachment by contradictory statements and proof of general good character. Although defendant orally requested the court to charge the provisions of OCGA § 24-9-83, no written request to charge was submitted to the court. There being no appropriate written request to charge upon the subject of the impeachment of witnesses, the court did not err in refusing to give the charge. *Western & Atlantic R. Co. v. Holt*, 22 Ga. App. 187, 188 (2) (95 SE 758); *Carson v. State*, 22 Ga. App. 743, 744 (3) (97 SE 202). There can be no error in the refusal to give an oral request to charge. *Slaughter v. Linder*, 122 Ga. App. 144 (2 (a)) (176 SE2d 450); *Hudson v. Columbus, Ga.*, 139 Ga. App. 789, 790 (2) (229 SE2d 671).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984 —
REHEARING DENIED NOVEMBER 26, 1984

*J. Hue Henry*, for appellant.
*Ken L. Stula*, for appellee.