A99A1348. CITY OF MACON et al. v. MACRIVE
CONSTRUCTION, INC. et al.
(525 SE2d 418)

MILLER, Judge.

Homeowners Gaughfs and Rubins sued Macrive Construction, Inc., Rivers Construction Company, and related parties for nuisance created by an inadequate pipe in a drainage ditch located on the homeowners' property which caused flooding during heavy rains. The City of Macon reconstructed the drainage ditch and jointly sued to recover the cost of repair. At the close of evidence at trial, the appellees successfully moved for a directed verdict on the grounds that nuisance is not the proper cause of action and that even if it were a nuisance, the statute of limitation had run. The City of Macon and the homeowners appeal. Because the statute of limitation had run, we affirm.

A directed verdict can be upheld only where all the evidence demands that verdict, which requires a de novo review.[1] Construed in favor of the appellants, the evidence showed that Macrive Construction installed a drainage pipe too small to handle the drainage of the two lots on which it was installed. The Rubins purchased one of the lots in 1984, and another family purchased the neighboring lot that same year. In the winter of 1985-1986 and several times each winter thereafter, flooding occurred after heavy rains and caused damage to both lots. The Gaughfs bought the neighboring lot from the other family in 1987.

After complaining to appellees to no avail, the homeowners sought help from the City of Macon, which reconstructed the drain-

---

[1] *Carden v. Burckhalter*, 214 Ga. App. 487, 488-489 (1) (b) (448 SE2d 251) (1994).

age pipe to allow adequate flow and prevent further flooding. The City of Macon, the Rubins, and the Gaughfs filed suit in November 1990.

Assuming for the sake of argument that this was a nuisance, the action was barred by the four-year statute of limitation.[2] The parties brought suit in November 1990, more than four years after the flooding began. *Macko v. City of Lawrenceville*[3] held under nearly identical facts that the four-year statute of limitation on any alleged nuisance caused by installing inadequate drainage pipes began to run the year the property first flooded. Because no evidence showed that the developer-defendant took any action, subsequent to the year of the first flooding, that increased the flooding problem, *Macko* rejected the argument that repeated flooding caused the situation to be a continuing nuisance.

Similarly, here the installation of the drainage system was completed prior to the winter of 1985-1986, the time of the first flooding. "As such, any nuisance created by the allegedly inadequate system was complete and apparent [by the spring of 1986], more than four years prior to the filing of this suit."[4] Since no evidence showed the appellees took any action subsequent to 1985 that increased the flooding problem, no continuing nuisance was shown.

The court did not err in granting the directed verdict in favor of the appellees.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 17, 1999 —
RECONSIDERATION DENIED DECEMBER 10, 1999.

*James P. Langstaff, Charles L. Ruffin,* for appellants.
*Hall, Bloch, Garland & Meyer, John F. Kennedy, John E. Hall IV,* for appellees.

---

[2] See OCGA § 9-3-30.
[3] 231 Ga. App. 671, 674 (3) (499 SE2d 707) (1998).
[4] Id.