## A01A0951. NULITE INDUSTRIES COMPANY, LLC v. HORNE.
### (556 SE2d 255)

PHIPPS, Judge.

Anne Horne sued Nulite Industries Company, LLC, claiming that the company's negligent installation of vinyl siding and windows on her mobile home caused extensive water damage that rendered her home uninhabitable. Alleging breach of contract, negligent installation, breach of warranty, and bad faith in the transaction, she sought damages, attorney fees, and litigation expenses. The trial court denied Nulite's motion for summary judgment on the issues of breach of contract, breach of warranty, and attorney fees. At trial, Horne successfully moved for a directed verdict on the breach of contract, negligent installation, and breach of warranty claims. The jury awarded her $26,000 in general damages and $9,303 in attorney fees. Nulite appeals, contending that it did not breach its contract because the siding and windows were installed properly. It contends that it cannot be liable for any alleged negligent installation because the installer was an independent contractor. It further contends that the breach of warranty claim was time-barred and the existence of bona fide controversies precluded the award of attorney fees. We disagree with Nulite's contentions and affirm.

The record shows that in January 1996, Horne and her husband contracted with Nulite for it to install vinyl siding and replace 11 aluminum windows with vinyl ones on their mobile home for $7,150. The contract included Nulite's "non-limited one year" warranty for all workmanship. The work was completed in February 1996. During the next 21 months, the Hornes lived there without noticing any problems from the installation. In November 1997, the Hornes separated and Horne moved out of the home. In October 1998, after they divorced, she moved back into the home and discovered problems caused by water leaking into her home around the windows, including water stains on the walls, rotten wood, mildewed carpet, and holes in the floor. She immediately notified Nulite. In March 1999, because she believed that Nulite had not adequately responded, she sued the company. Her husband is not a party to this action.

1. Nulite contends the trial court erred in granting Horne's

motion for a directed verdict on the issue of breach of contract. A directed verdict can be upheld only where all the evidence demands that verdict, which requires a de novo review.[1]

The foundation for Horne's breach of contract claim is that Nulite failed to install the siding and windows with quality workmanship. Implied in every contract by building contractors is the obligation to perform in a fit and workmanlike manner.[2] This contract duty is breached "when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession."[3]

The uncontradicted evidence showed that Nulite breached the contract by failing to perform in a fit and workmanlike manner. At trial, Nulite's own subcontractors testified that weep holes on the windows were covered in error and that aluminum coil stock improperly installed around the windows failed to create a watertight seal. These conditions caused water to drain into the home, starting with the first rain. In addition, Horne's expert on installing vinyl siding and windows opined that none of the windows was installed properly and that the improper installation caused immediate water seepage resulting in "deplorable" rot of the areas around the windows, down the walls, and on the floors. The record also reveals that Nulite's attorney conceded at trial that the installer had negligently performed the work.[4] And although Nulite points out that Horne signed a certificate of completion stating the work had been performed to her "complete satisfaction," the certificate did not extinguish Nulite's contractual duties.[5] The trial court correctly directed a verdict for Horne on the breach of contract claim.

2. Nulite contends the trial court erred in denying its motion for a directed verdict on the negligent installation claim. It argues that it cannot be held liable for any negligence of the installer because the installer was an independent contractor. Even assuming that the installer was an independent contractor, this argument fails. Generally, employers are not responsible for torts committed by independent contractors.[6] But an exception to that rule is where the wrongful act violates a duty imposed by an express contract upon the

---

[1] *City of Macon v. Macrive Constr.*, 241 Ga. App. 396 (525 SE2d 418) (1999).

[2] *Hall v. Harris*, 239 Ga. App. 812, 817 (4) (521 SE2d 638) (1999).

[3] Id.

[4] *John H. Smith, Inc. v. Teveit*, 175 Ga. App. 565, 567 (1) (333 SE2d 856) (1985) (statements of counsel during the trial of a case may be regarded as admissions in judicio).

[5] Accord *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 367 (2) (460 SE2d 880) (1995).

[6] OCGA § 51-2-4.

employer.[7] Nulite does not dispute that by written agreement with Horne, it undertook to install the siding and windows. Therefore, it may not escape liability by arguing that it employed an independent contractor to perform its obligations.

3. Nulite contends the trial court erred in denying its motions for summary judgment and for directed verdict on the issue of whether the expiration of the one-year warranty barred Horne's breach of warranty claim. The contract provided: "Contractor warrants that all repairs or improvements or other work as above specified shall be done and completed in a substantial and workmanlike manner. . . . This contract includes our non-limited one year guarantee for all workmanship plus regular manufacturer's materials guarantee."

Nulite essentially argues that because it expressly warranted that the installation would be free of defects in workmanship for a one-year period, its liability was limited to one year and Horne's breach of warranty claim filed after that was time-barred. It claims its warranty reduced the six-year statute of limitation period to one year. That argument was rejected in *Clonts v. Scholle*.[8] Here, it is undisputed that the defects occurred during the warranty period. And the expiration of one year did not bar Horne's breach of warranty claim.[9] Horne's claim remained subject to the six-year statute of limitation under OCGA § 9-3-24 and was filed timely. And although Nulite complains that Horne did not notify it of the leakage until two and a half years after installation, the warranty provision placed no notice requirement upon Horne.[10] Finally, contrary to Nulite's assertion, *Caroline Realty Investment v. Kuniansky*[11] does not require a ruling in its favor. In that case, while the claim was filed within the six-year statute of limitation period, the one-year limitation of the guarantee barred the breach of warranty claim where there was no evidence that the defect occurred during the warranty period.[12]

The trial court did not err in directing a verdict for Horne on the breach of warranty claim. It follows that the trial court's denial of Nulite's motion for summary judgment on this issue is moot.[13]

4. Nulite contends that the trial court erred in denying its

[7] OCGA § 51-2-5 (3); *Crispens Enterprise v. Halstead*, 209 Ga. App. 133, 134 (2) (433 SE2d 353) (1993).

[8] 172 Ga. App. 721, 722 (1) (324 SE2d 496) (1984); see also *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 429 (241 SE2d 184) (1977).

[9] *Benning Constr. Co.*, supra; *Clonts*, supra.

[10] Compare *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 4-5 (542 SE2d 121) (2000).

[11] 127 Ga. App. 478, 481 (2) (194 SE2d 291) (1972).

[12] See id.

[13] *Dunlap v. Dunlap*, 234 Ga. 304, 306 (3) (215 SE2d 674) (1975); *Weir v. Kirby Constr. Co.*, 213 Ga. App. 832, 836 (4) (446 SE2d 186) (1994).

motions for summary judgment and directed verdict on the issue of attorney fees because there were bona fide controversies between the parties.

The issue of attorney fees was submitted to the jury and a judgment rendered on the jury's verdict. Thus, the denial of a summary judgment motion as to attorney fees is moot.[14]

Horne's claim for attorney fees was based on an allegation that Nulite acted in bad faith. The existence of a bona fide controversy will not defeat a claim for attorney fees when bad faith is an issue.[15] Bad faith authorizing an award of attorney fees "must relate to the conduct of entering the contract or to the transaction and dealings out of which the cause of action arose, which includes not only the negotiations and formulation of the contract but also performance of the contractual provisions."[16]

One Nulite subcontractor, who had worked for the company for over 20 years, testified that the installation on Horne's home was so defective that it would have been "impossible" for the installer not to have known that the work was performed incorrectly. He stated that Nulite, however, did not inspect completed work, and that after Nulite hired installers, it simply took a wait and see attitude on whether the work was performed satisfactorily. Nulite's general manager testified that the company provided no training to its subcontractors on how to seal windows properly. He further testified that the improper installation on Horne's home would have caused immediate leakage and that the condition was covered by Nulite's "non-limited one year" warranty. When Horne notified Nulite about the problem, she was told that the general manager would contact her within a few days, which he did not do. Afterward, when she was able to reach him by telephone, he asked for a copy of her contract, which she provided. Again, she did not hear back from him, although she called him repeatedly during the next few weeks and left messages. No Nulite representative came to inspect Horne's home for several months. Because there was evidence of bad faith in the transaction, the trial court properly denied Nulite's motion for directed verdict on the claim for attorney fees.[17]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[14] *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61) (1978).

[15] *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 223 (3) (493 SE2d 622) (1997).

[16] (Citation and punctuation omitted.) *Beall v. F. H. H. Constr.*, 193 Ga. App. 544, 547 (5) (388 SE2d 342) (1989).

[17] See *Ryland Group v. Daley*, 245 Ga. App. 496, 500 (3) (537 SE2d 732) (2000); *Home Ins. Co.*, supra.

DECIDED NOVEMBER 9, 2001.

*Thomas R. Taggart*, for appellant.
*Spiva, Lewis, Owens & Mulherin, George L. Lewis*, for appellee.