A00A1786. COSTRINI et al. v. HANSEN ARCHITECTS, P.C.
(543 SE2d 760)

BLACKBURN, Presiding Judge.

Anthony Costrini and others (collectively referred to as Costrini)[1] appeal from the trial court's grant of summary judgment to defendants Hansen Architects, P.C. and J. Paul Hansen (collectively referred to as Hansen) on claims for breach of contract, negligence, and fraud arising out of the construction of an office building. Costrini contends that the trial court erred by finding that the claim for breach of contract was time-barred and that Hansen's alleged fraud did not toll the statute of limitation. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Brown v. Ohio Cas. Ins. Co.*[2]

Viewed in this light, the record shows that Costrini hired Hansen to design and supervise improvements to an office building located in Savannah. In late 1988, Costrini complained to Hansen about water problems with the structure, but Hansen insisted that the problems were not attributable to him. In March 1994, Costrini hired an outside firm to examine Hansen's work, and that firm concluded that the problems were attributable to Hansen. Then, on April 1, 1994, Costrini filed suit against Hansen alleging breach of contract, negligence, and fraud. Hansen filed a motion for summary judgment, contending that the claims were time-barred. The trial court granted the motion.

1. Costrini argues that the trial court erred by finding that his breach of contract claim was time-barred because it incorrectly applied the statute of limitation in OCGA § 9-3-30, which provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action." Costrini contends that this claim is governed by OCGA § 9-3-24, which provides: "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code

---

[1] Appellants are Anthony M. Costrini, J. Allen Meadows III, and David G. Smith, individually and d/b/a Costrini, Meadows & Smith Building Partnership.

[2] *Brown v. Ohio Cas. Ins. Co.*, 239 Ga. App. 251 (519 SE2d 726) (1999).

section shall not apply to actions for the breach of contracts for the sale of goods." OCGA § 9-3-24. Although we agree that OCGA § 9-3-24 applies, we nonetheless conclude that the claim is time-barred.

The trial court mistakenly relied upon *Kemp v. Bell-View, Inc.*[3] in concluding that the four-year limitation in OCGA § 9-3-30 applied because the breach of contract concerned damage to real property. In *Kemp*, the plaintiffs sued the manufacturer/seller of windows for property damage to their home. Ruling that a four-year limitation period applied to the claim, the court stated:

> An action for damage to realty must be brought within four years after the right of action accrues. OCGA § 9-3-30. Whether count one is construed as a claim for breach of contract, breach of implied warranty, negligence, or strict liability, it is governed by a four-year limitation for filing suit. See OCGA § 11-2-725.

*Kemp*, supra. The property damage claim in *Kemp* was subject to a four-year limitation period even if it was actually a breach of contract claim because it related to the sale of goods under OCGA § 11-2-725. Thus, *Kemp* does not hold that breach of contract claims involving property damage are governed by OCGA § 9-3-30. Indeed, this court has recently ruled that "the four-year statute of limitation in OCGA § 9-3-30 applies only to tort actions for damage to property. Actions arising out of contract do not fall within OCGA § 9-3-30's purview." *Mitchell v. Jones.*[4]

Applying OCGA § 9-3-24, Costrini's claim is time-barred because the construction was substantially completed more than six years before Costrini filed suit in April 1994. "The period of limitation on a construction contract commences on the date the work was substantially complete." *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.;*[5] *Space Leasing Assoc. v. Atlantic Bldg. Systems.*[6]

Hansen, the movant, produced a signed certificate of substantial completion as of December 14, 1987, and a certificate of occupancy for the building issued on December 16, 1987. Hansen identified and referenced the affidavit of substantial completion and the certificate of occupancy in his affidavit and attached them to it as exhibits.

Costrini argues that the date of substantial completion was much later, contending that he did not accept the building until April

---

[3] *Kemp v. Bell-View, Inc.*, 179 Ga. App. 577-578 (1) (346 SE2d 923) (1986).

[4] *Mitchell v. Jones*, 247 Ga. App. 113, 114 (1) (541 SE2d 103) (2000).

[5] *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.*, 196 Ga. App. 663 (1) (396 SE2d 585) (1990).

[6] *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320, 324 (2) (241 SE2d 438) (1977).

1988 and that final payment on the building did not occur until December 1988. Thus, the contract did not become "due and payable" until that time. However, pretermitting whether the statute of limitation would run from that point if such facts were true, the record shows no competent evidence[7] for this Court to consider in support of Costrini's contention. Because Costrini failed to rebut Hansen's evidence showing that the date of substantial completion was more than six years prior to the filing of this suit, the grant of summary judgment to Hansen was proper. "A grant of summary judgment must be affirmed if it is right for any reason." (Punctuation omitted.) *Nairon v. Land*.[8]

2. Costrini also contends that the trial court erred by granting summary judgment to Hansen because the statute of limitation was tolled by Hansen's fraud. Costrini argues that Hansen deterred him from bringing the suit because Hansen denied liability and told him that the water problems were not related to the design and sequence of construction of the building, but were caused by others. Costrini's argument fails because Hansen's actions do not constitute fraud within the meaning of OCGA § 9-3-96.

Section 9-3-96 provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." However,

> the fraud in question is not that which gives a cause of action, but that which conceals a cause of action. To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.

(Punctuation omitted.) *Turner v. Butler*.[9]

The record contains no evidence that Hansen affirmatively concealed any allegedly defective construction or that he hindered or prevented Costrini from discovering any alleged defect. See *Mitchell v. Jones*, supra. Indeed, in March 1994, almost six years after discov-

---

[7] Although Costrini attached certain documents to his affidavit, he did not reference them in his affidavit or otherwise authenticate them. See *Davis v. First Healthcare Corp.*, 234 Ga. App. 744 (1) (507 SE2d 563) (1998).

[8] *Nairon v. Land*, 242 Ga. App. 259 (529 SE2d 390) (2000).

[9] *Turner v. Butler*, 245 Ga. App. 250, 252-253 (537 SE2d 703) (2000).

ering the water problems, Costrini first hired an outside firm to examine Hansen's work. Costrini was aware of the water problems and could have hired an outside firm earlier.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 1, 2000.

*Thomas A. Nash, Jr.,* for appellants.
*Lee, Black, Scheer & Hart, Christopher L. Rouse,* for appellee.