## A01A2361. DEKALB COUNTY v. C. W. MATTHEWS CONTRACTING COMPANY, INC.
### (562 SE2d 228)

PHIPPS, Judge.

DeKalb County sued C. W. Matthews Contracting Company, Inc. (Matthews) to recover expenses it incurred in repairing one of its sewer pipes that Matthews had punctured. The trial court held that the action was barred by the statute of limitation and granted sum-

---

mary judgment to Matthews. DeKalb County appeals. We vacate the judgment as premature and remand for consideration of whether the. statute of limitation was tolled by any fraudulent concealment by Matthews.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

The parties stipulated to the following facts. Matthews was a contractor on a Georgia Department of Transportation construction project that involved improving a section of Interstate 285 in DeKalb County. During the construction, Matthews punctured one of DeKalb County's sewer pipes. The project was substantially completed in June 1994. In November 1997, DeKalb County discovered that the sewer pipe had collapsed and incurred expenses in the amount of $284,738.40 to repair it.

In September 1999, DeKalb County sued Matthews, alleging negligence and fraudulent concealment. Matthews moved for summary judgment on the ground that the complaint was time-barred by OCGA § 9-3-30, which provides that all actions for damage to realty must be brought within four years after the right of action accrues. An action under OCGA § 9-3-30 accrues when the project is substantially completed,[3] and ignorance of the damage does not toll the time period.[4] Determining that DeKalb County filed its complaint more than a year after its right to bring an action had expired pursuant to OCGA § 9-3-30, the trial court granted Matthews summary judgment.

1. DeKalb County contends that its sewer line is personalty, not realty, and that therefore OCGA § 9-3-31 provides the applicable statute of limitation. But even assuming that OCGA § 9-3-31 is the controlling statute,[5] DeKalb County's complaint remains subject to a four-year time limitation.

OCGA § 9-3-31 provides that "[a]ctions for injuries to personalty

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988).

[4] Id. (discovery rule is confined to cases of bodily injury).

[5] Compare *City of Arlington v. Smith*, 238 Ga. 50 (1) (230 SE2d 863) (1976) (sewer laid in public road for private use became part of realty), with *Mayor &c. of Gainesville v. Dunlap*, 147 Ga. 344-345 (4) (94 SE 247) (1917) (where city laid a water main through the lands of others to reach the reservoir under a lease or parol license that was silent as to the right of removal of the pipes, the laying of the pipes not being for the improvement of the realty but for city's use to operate its waterworks, the pipes are in the nature of trade fixtures); see 1 Hinkel, Pindar's Ga. Real Estate Law (5th ed. 1998), § 10-28, p. 505.

shall be brought within four years after the right of action accrues." Within the meaning of that Code section, a cause of action accrues at the time of injury.[6] Here, DeKalb County's injury occurred when the pipe was pierced, which the parties stipulated occurred during the construction that was substantially completed in June 1994. Although DeKalb County urges that it did not discover that its pipe had been punctured until its November 1997 investigation revealed that the pipe had collapsed, ignorance of facts constituting a cause of action does not prevent the running of the statute of limitation.[7] Accordingly, DeKalb County's reliance upon the discovery rule is misplaced.[8]

DeKalb County cites *Atlanta Gas Light Co. v. City of Atlanta*[9] and argues that the statute of limitation did not begin to run until the pipe actually collapsed. That case concerned property damage caused by an explosion because of a defect in the installation of equipment owned and maintained by third parties. This court held that because the plaintiff had suffered no immediate property damage from the defect, the four-year limitation period did not begin to run until the subsequent explosion, when the plaintiff did suffer property damage.[10] Here, DeKalb County's property was damaged when its pipe was punctured, which, as the parties stipulated, occurred no later than June 1994. *Atlanta Gas Light Co.* does not require a finding in DeKalb County's favor.[11]

2. DeKalb County contends that the trial court erred in granting summary judgment to Matthews without considering whether the statute of limitation was tolled by OCGA § 9-3-96. We agree. The transcript of the hearing on DeKalb County's motion for summary judgment shows that each party stated that it was not prepared to address the issue of fraudulent concealment and that additional discovery on that issue was required. The trial court stated that the issue would be addressed at a later time. Accordingly, we vacate the trial court's ruling that DeKalb County's action is time-barred as premature and remand for consideration of whether any fraudulent concealment by Matthews tolled the four-year statute of limitation.

*Judgment vacated and case remanded. Smith, P. J., and Barnes, J., concur.*

---

[6] *Hanna v. McWilliams*, 213 Ga. App. 648, 650 (2) (b) (446 SE2d 741) (1994).

[7] See *Autumn Trace Homeowners Assn. v. Brooks*, 238 Ga. App. 107, 108 (517 SE2d 836) (1999); *Corp. of Mercer Univ.*, supra.

[8] See *Autumn Trace Homeowners Assn.*, supra; *Corp. of Mercer Univ.*, supra.

[9] 160 Ga. App. 396 (287 SE2d 229) (1981).

[10] Id. at 398 (1) (a).

[11] See *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225, 226 (1) (518 SE2d 453) (1999) (a cause of action in negligence accrues and the statute of limitation begins to run when there is a negligent act coupled with a proximately resulting injury).

DECIDED MARCH 13, 2002.

*Miles, McGoff & Moore, Dana B. Miles, Joan F. Roach, Daniel S. Digby*, for appellant.

*Moore, Ingram, Johnson & Steele, William R. Johnson*, for appellee.