## A04A0580. BAUER v. WEEKS.
### (600 SE2d 700)

SMITH, Chief Judge.

This appeal from a grant of summary judgment is yet another Georgia case involving alleged defects in synthetic stucco exterior cladding. This product was used extensively in residential construction during the 1980s and 1990s, but was found to be prone to moisture migration and termite infestation.[1]

William Bauer filed this action against William C. Weeks over 11 years after substantial completion of the house at issue, alleging among other claims fraud and misrepresentation. Weeks moved for summary judgment on the basis of the eight-year architect's, engineer's and contractor's statute of permanent repose, OCGA § 9-3-51, and the relevant tort and contract statutes of limitation, OCGA §§ 9-3-24; 9-3-30. The trial court granted summary judgment on the basis of the statute of repose, noting that the decisions of the Georgia courts have allowed equitable estoppel of that statute for fraud only in reference to the statute of repose for medical malpractice, OCGA § 9-3-71 (b).[2] In the context of this case, this would be a question of first impression.

---

[1] See, e.g., *Colormatch Exteriors v. Hickey*, 275 Ga. 249 (569 SE2d 495) (2002); *Dryvit Systems v. Stein*, 256 Ga. App. 327 (568 SE2d 569) (2002); *Grossman v. Brown & Webb Builders*, 255 Ga. App. 897 (567 SE2d 116) (2002); *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. 628 (544 SE2d 533) (2001); *Smith v. KLS Constr. Co.*, 247 Ga. App. 493 (544 SE2d 197) (2001); *Mitchell v. Jones*, 247 Ga. App. 113 (541 SE2d 103) (2000); *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1 (542 SE2d 121) (2000); *Hall v. Harris*, 239 Ga. App. 812 (521 SE2d 638) (1999). The Georgia General Assembly has provided a special rule for synthetic stucco causes of action that did not expire before March 28, 2000, OCGA § 9-3-30 (b), but that provision is not applicable here.

[2] See, e.g., *Esener v. Kinsey*, 240 Ga. App. 21, 22-23 (522 SE2d 522) (1999); *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (367 SE2d 128) (1988).

But "[t]hat is a question for another day." *Colormatch Exteriors,* supra, 275 Ga. at 253. We need not consider the statute of repose because the record demonstrates that Bauer did not own the property until after the statutes of limitation in both tort and contract had expired. We therefore affirm the trial court's grant of summary judgment under the "right for any reason" rule. *Costrini v. Hansen Architects,* 247 Ga. App. 136, 138 (1) (543 SE2d 760) (2000).

On May 19, 1989, Diana Bauer and appellee William C. Weeks signed a standard American Institute of Architects form agreement. The document states that it is a contract between Weeks III Corporation and Bill and Diana Bauer for the construction of a house in Newnan, Georgia, but Diana Bauer and Weeks were the only signatories to the contract and did not sign as officers or agents of any other person or entity. Bauer never signed a copy and did not initial any pages of the contract.

The house was completed on or about October 23, 1990; a contractor's affidavit of completion was executed on that date. Bauer, a physician, testified that the property was solely in his former wife's name for purposes of "asset protection." He did not acquire title to the property until August 25, 1998, almost eight years after substantial completion, by deed from the estate of his former wife pursuant to the divorce decree.[3] This action was filed on January 7, 2002.

A homeowner's tort and fraud claims for damage to realty are governed by the four-year statute of limitation in damage to realty actions, OCGA § 9-3-30, while related breach of contract claims are governed by the six-year statute of limitation in breach of written contract actions, OCGA § 9-3-24. *Mitchell v. Jones,* supra, 247 Ga. App. at 114 (1). "The limitation period on a construction contract commences on the date the work was substantially complete." (Citation and footnote omitted.) *Smith,* supra, 247 Ga. App. at 494 (1). "It is well settled that a cause of action for damage to a building accrues at the time of construction. Neither the discovery rule nor the continuing tort theory is applicable to actions involving only damage to real property." (Citations and footnotes omitted.) *Mitchell v. Contractors Specialty Supply,* supra, 247 Ga. App. at 629.

Bauer's former wife owned the property at the time of substantial completion; the statutes of limitation began to run from that date in

---

[3] As Weeks notes in his brief, the state of the record in this case presents a cogent public policy argument for the statute of ultimate repose. Bauer's former wife was "more involved in the day to day construction details of the house" and kept all the records pertaining to construction and maintenance. In the time between substantial completion and the filing of this action, Bauer's former wife died, and the construction records in her custody have disappeared, as have photographs and video film documenting the construction. The subcontractor who applied the stucco to the house has also died.

October of 1990. The tort claims therefore were barred in 1994 and the contract claims in 1996, well before Bauer acquired title to the property in 1998. The appearance of his typed name as "owner" on a contract which he did not sign does not contradict the evidence of the 1998 deed and his testimony that the property was solely in his wife's name for the purpose of insulating assets from a possible legal judgment.

Because Bauer did not become the owner until after both statutes of limitation in tort and contract had run, he cannot revive the barred causes of action. The Supreme Court of Georgia has held that if a homeowner sells a house after the statute of limitation has run, the conveyance does not revive the cause of action and the new owner cannot maintain a suit for alleged defects in the house. *Colormatch Exteriors*, supra, 275 Ga. at 252 (2). "The fact that a building was sold and the present suit is being brought by a subsequent owner does not revive the cause which was barred as to the original owners. [Cits.]" Id. at 254 (3); see also *U-Haul Co. v. Abreu & Robeson*, 247 Ga. 565, 567 (277 SE2d 497) (1981).

Of course, the running of a statute of limitation may be tolled by fraud on the part of the defendant which debars or deters the plaintiff from bringing an action. OCGA § 9-3-96. Bauer's primary argument in his brief is that the principle of equitable estoppel should be expanded to apply to the statute of repose set forth in OCGA § 9-3-51. The underlying facts and allegations are similar to those encountered in determining whether a statute of limitation is tolled under OCGA § 9-3-96, and we consider them here.

> The general rule supported by the decisions in most jurisdictions is that the fraudulent concealment of a cause of action … from the one to whom it belongs, by the one against whom it lies, constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action. . . . This is the rule in Georgia.

(Citations and punctuation omitted.) *Bahadori v. National Union Fire Ins. Co.*, 270 Ga. 203, 205 (3) (507 SE2d 467) (1998). While Bauer originally alleged in his complaint that Weeks informed him "that the house would be constructed with real stucco and not synthetic stucco," at his deposition he testified that he knew synthetic stucco would be used in conjunction with an undercoat and that the system was proposed by the architect and described to Bauer by Weeks during construction. We also note that all representations allegedly made after the cause of action arose took place in 1999 after the

statutes of limitation had expired and thus cannot constitute evidence in support of tolling.

In addition, Bauer testified that the house experienced recurring problems with leaks and rot in several areas from the time he and his former wife moved into the house. He complained repeatedly to Weeks, who attempted to fix the problems without success. Bauer retained an "independent handyman" to make additional repairs, but some leaks continued. According to Bauer, all these problems were eventually found to be related to the stucco.

> The fraud which tolls a statute of limitation must be such actual fraud as could not have been discovered by the exercise of ordinary diligence. This rule is applied even where actual fraud is the gravamen of the action. The statute of limitation is only tolled until the fraud is discovered or by reasonable diligence should have been discovered.

(Citations and punctuation omitted.) *Bahadori*, supra at 205. "A party may fail to exercise due diligence as a matter of law." (Citations and punctuation omitted.) *McClung Surveying v. Worl*, 247 Ga. App. 322, 324 (1) (541 SE2d 703) (2000). Bauer plainly had knowledge that "something was amiss" with the watertight integrity of the house, and "[t]his knowledge commenced the running of the statute of limitation: it was sufficient to put appellant[ ] on notice so that by the exercise of due diligence [he] should have discovered the alleged fraud." (Citations omitted.) *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983). Bauer's contentions therefore are without merit.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 27, 2004.

*Michael L. Chapman*, for appellant.
*Pursley, Lowery & Meeks, John C. Amabile*, for appellee.