A08A2077. WILKS v. OVERALL CONSTRUCTION, INC. et al.
(674 SE2d 320)

MIKELL, Judge.

Richard L. Wilks appeals from the trial court's grant of summary judgment to Overall Construction, Inc. ("Overall") and James C.

Mitchell[1] on Wilks's complaint alleging breach of a contract to improve real property. The claims arose out of a construction project on Wilks's home. Because the complaint is barred by the applicable statute of limitation, OCGA § 9-3-24, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Properly viewed, the record shows that Wilks entered into a written contract with Overall in June 1999 to perform work on the interior of his home. The project included construction of a wall containing six large windows. Wilks averred that initially the work appeared to be completed by the time specified in the contract, July 23, 1999, and he paid Overall the full contract price, $18,395. Within a year, however, the new windows leaked during periods of heavy rain. Over the course of the next five years, Overall returned approximately five times to repair the problem. On the final occasion in April 2004, Overall "replaced and repaired structural supports on the inside of the wall and some facial boards on the outside of the wall due to the ongoing water leakage problem." Wilks further averred that in July 2006, he noticed a space between one of the window panes and the exterior trim molding, where insects entered the home. Wilks removed an interior trim board to investigate the wall's construction. He discovered that the main structural beam, which was composed of three sections fitted together, had separated approximately one inch. Wilks hired an engineer to inspect the wall in June 2007, and the inspection revealed deficiencies in construction and materials, causing the wall to crack and move and two of the windows to separate from the wall, and leading to water intrusion.

Wilks first filed suit against these defendants on July 6, 2007, in Forsyth County. Venue was improper, however, because the defendants resided in Cherokee County. The suit was transferred to the Magistrate Court of Cherokee County. Wilks voluntarily dismissed that suit on October 24, 2007, and filed the instant suit in state court as a renewal action on December 3, 2007. Overall and Mitchell

---

[1] Mitchell executed the contract on behalf of Overall.

[2] (Citation and footnote omitted.) *Costrini v. Hansen Architects, P.C.*, 247 Ga. App. 136 (543 SE2d 760) (2000).

moved for summary judgment, contending that the action was time-barred. The trial court granted the motion. Wilks appeals.

1. "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."[3] Based on this statute of limitation, this Court has held that an action for breach of a written construction contract must be filed within six years after the work has been substantially completed.[4] " 'Substantial completion' means the date when construction was sufficiently completed, in accordance with the contract as modified by any change order agreed to by the parties, so that the owner could occupy the project for the use for which it was intended."[5] The contract in the case at bar recites that "final payment, constituting the entire unpaid balance of the contract sum, will be paid by the owner to Overall . . . when the work has been completed and the contract fully performed." In his affidavit, Wilks stated that the wall "appeared to be completed" in July 1999, and that he paid for the work at that time, "on a payment schedule specified in the contract." Accordingly, the evidence conclusively demonstrates that the work for which Wilks contracted was substantially completed in July 1999. As Wilks did not file a lawsuit until July 2007, almost eight years after the period of limitation commenced, his claim for breach of contract is barred by OCGA § 9-3-24.

Wilks argues that his complaint alleges the tort of negligent construction, so that the claim is governed by OCGA § 9-3-30 (a), which provides that actions for "damage to realty shall be brought within four years after the right of action accrues." Wilks further contends that his right of action did not accrue until April 2004, because that date was "the last act of alleged unfit and unworkmanlike construction." Wilks's contentions fail for several reasons.

First, OCGA § 9-3-30 applies only to tort actions alleging damage to property. "Actions arising out of contract do not fall within OCGA § 9-3-30's purview."[6] Wilks's complaint is entitled "Complaint on a Contract to Improve Real Property." Although the complaint alleges that Overall failed to exercise a reasonable degree of skill and care in performing the work, it does not assert that his property was damaged. Moreover, Wilks only seeks damages related

---

[3] OCGA § 9-3-24.

[4] *Smith v. KLS Constr. Co.*, 247 Ga. App. 493, 494 (1) (544 SE2d 197) (2001); *Costrini*, supra at 137 (1); *Mitchell v. Jones*, 247 Ga. App. 113, 114 (1) (541 SE2d 103) (2000); *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.*, 196 Ga. App. 663 (1) (396 SE2d 585) (1990); *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320, 324 (2) (241 SE2d 438) (1977).

[5] OCGA § 9-3-50 (2).

[6] (Citation, punctuation and footnote omitted.) *Costrini*, supra.

to breach of the contract; namely, an amount sufficient to repair or replace the wall.[7] Accordingly, the complaint states a claim for breach of contract, not a tort action for damage to property.

Even if OCGA § 9-3-30 applied to Wilks's complaint, the four-year limitation period expired before he filed suit. "An action under OCGA § 9-3-30 accrues when the project is substantially completed, and ignorance of the damage does not toll the time period."[8] Here, as stated above, the evidence shows that the project was substantially completed in 1999 and that Wilks was aware within one year thereafter that the wall of windows leaked water. His ignorance of the extent of the water leakage problem does not toll the running of the limitation period. Thus, any cause of action under OCGA § 9-3-30 expired in July 2003, four years after substantial completion.

Finally, "a cause of action in negligence accrues and the statute of limitation begins to run when there is a negligent act *coupled with a proximately resulting injury*."[9] Here, Wilks does not allege that his property was damaged by the final repair in 2004. Having failed to allege that an injury occurred within the limitation period, Wilks has failed to state a claim sounding in negligence. The trial court properly granted summary judgment to Overall.

2. In his complaint, Wilks asserts that the defendants affirmatively concealed defective construction, thereby committing fraud. He does not expressly argue on appeal that the trial court erred in granting summary judgment on this claim; thus, it has been abandoned.[10]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2009 —
RECONSIDERATION DENIED MARCH 4, 2009.

*Van C. Wilks*, for appellant.

---

[7] See *Bennett v. Associated Food Stores*, 118 Ga. App. 711, 715 (2) (165 SE2d 581) (1968): The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed. (Citations and punctuation omitted.)

[8] *DeKalb County v. C. W. Matthews Contracting Co.*, 254 Ga. App. 246, 247 (562 SE2d 228) (2002), citing *Corporation of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988) ("[a]n action under OCGA § 9-3-30 must be brought within four years of substantial completion"); accord *Heffernan v. Johnson*, 209 Ga. App. 139, 140 (1) (433 SE2d 108) (1993) (property owner's fraud and negligence action against contractor who installed tile barred because not filed within four years of installation).

[9] (Citation omitted; emphasis in original.) *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225, 226 (1) (518 SE2d 453) (1999).

[10] See Court of Appeals Rule 25 (c) (2).