**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_**DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.**_

**June 28, 2021**

# In the Court of Appeals of Georgia

A21A0223, A21A0224. ANTLEY et al. v. SMALL et al.; and vice versa.

R_EESE_, Judge.

Gus Small is the current trustee of several trusts set up for the benefit of the Bunzl family. Bennett Kight and William Lankford, Jr., former trustees of the Bunzl trusts and non-parties to this action, defrauded the trusts of millions of dollars. In April 2017, Small and two trust-owned companies (collectively, "Small") filed a complaint against Miller & Martin PLLC and Kenneth Antley (the "Attorneys"), the attorneys for Kight and Lankford when they were trustees, alleging that the Attorneys were complicit in Kight and Lankford's misdeeds. The trial court entered a summary judgment order and subsequent reconsideration order ruling on issues regarding the

applicable statutes of limitation. Small and the Attorneys[1] now cross-appeal from the trial court's orders. For the reasons set forth infra, we affirm in Case No. A21A0224, affirm in part in Case No. A21A0223, and reverse in part in Case No. A21A0223 to the extent that the court reserved the applicability of OCGA § 9-3-99 as a jury question.

Viewed in the light most favorable to Small, as the nonmoving party below,[2] the record shows the following. According to Small's amended complaint, Kight was a trustee from 1990 to 2015, and Lankford was a trustee from 2004 to 2015. The Attorneys began representing Kight in 2006. In 2013, Kight and Lankford filed a petition for interim accounting, and the beneficiaries responded and counterclaimed on March 13, 2013. The counterclaim alleged that Kight and Lankford committed, among other things, various acts of fraud, theft, and self-dealing. This 2013 action served as the beneficiaries' primary vehicle for their claims against Kight and Lankford.

---

[1] Kenneth Antley died during the pendency of this case, and his wife Barbara Antley was substituted in her capacity as executor of his estate.

[2] See *Baxter v. Fairfield Financial Svcs.*, 307 Ga. App. 286, 287 (704 SE2d 423) (2010).

The trial court in that action appointed Synovus Trust Company as receiver in June 2013. In May 2015, Lankford resigned as trustee, and the trial court removed Kight as trustee. The trial court appointed Small as trustee on June 23, 2015, and Synovus produced a final transaction narrative report in August 2015.

Small filed his complaint against the Attorneys on April 26, 2017 — just over four years after the beneficiaries filed their counterclaim against Kight and Lankford, but less than two years after Small became trustee. The complaint, as amended, alleged that the Attorneys conspired with and aided and abetted Kight and Lankford in various mergers, restructurings, and reorganizations of trust assets and in numerous transactions that unlawfully benefitted Kight and Lankford, causing millions of dollars of damages to the trusts. The two major thefts alleged in the complaint were: a series of transactions in 2007 where the Bunzl trusts acquired Playmore, a historic property in North Carolina, for $18 million, and in which Kight subsequently obtained a majority interest in the property for well below market value, resulting in damages of $12 million; and when Kight created a fraudulent personal capital interest in trust assets and subsequently withdrew $4.2 million from trust assets as a purported distribution in 2011. The complaint alleged that the Attorneys aided and abetted these

3

thefts by creating the documents necessary to accomplish these transactions and by misrepresenting the transactions to the beneficiaries.

The Attorneys filed a motion to dismiss on statute of limitation grounds, which the trial court converted to a motion for summary judgment. The trial court granted in part and denied in part the Attorneys' motion, and later reconsidered part of its order in light of a recent federal indictment. Pursuant to those orders, the trial court found, among other things, that: the beneficiaries were on notice regarding potential fraud by March 2013 at the latest, and thus any fraud-based tolling ended on that date; a jury question existed as to whether the alleged torts arose out of the facts and circumstances of the alleged crimes, which would toll the statute of limitation for at most six years under OCGA § 9-3-99; a jury question existed as to whether the Attorneys' conduct tolled the six-year statute of limitation for the Georgia Limited Liability Company Act ("LLC Act"); a jury question existed as to whether the Attorneys' conduct tolled the six-year statute of limitation for aiding and abetting breaches of trust and fiduciary duty; and the Attorneys failed to establish a statute of limitation defense to Small's accounting claim.

After the trial court entered its reconsideration order, it issued a certificate of immediate review, and the Attorneys filed an application for interlocutory review. We granted the application, and these appeals from all the parties followed.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant."[3] With these guiding principles in mind, we now turn to the parties' claims of error.

*Case No. A21A0223*

1. The Attorneys argue that, under agency law, Kight's and Lankford's knowledge must be imputed to Small as the successor trustee, which would preclude any fraud-based tolling because Kight and Lankford were aware of the alleged fraud. We disagree.

As an initial matter, while the Attorneys cite to agency law to support their argument, a trust/beneficiary or trust/trustee relationship does not correspond exactly to a principal/agent one. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently

---

[3] *9766, LLC v. Dwarf House*, 331 Ga. App. 287, 288 (771 SE2d 1) (2015) (citation and punctuation omitted).

ratifies the acts of another in his behalf."[4] "The distinguishing characteristic of an agent is that he is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with him."[5] By contrast, broadly speaking, "a trust is a fiduciary relationship with respect to property arising from a settlor's intention to impose equitable duties on a person to hold, manage, or otherwise administer that property for the benefit of another person."[6] "[A] trust can only act through its trustees[,]"[7] and a trust has "no independent legal existence apart from its trustees."[8] While, generally, "a successor trustee is clothed with all the rights, duties and obligations of his predecessor,"[9] there does not seem to be an explicit principle in trust law imputing knowledge to successor trustees. By

---

[4] OCGA § 10-6-1.

[5] *Avion Sys. v. Bellomo*, 338 Ga. App. 141, 143 (1) (789 SE2d 374) (2016) (citation and punctuation omitted).

[6] *Heiman v. Mayfield*, 300 Ga. App. 879, 882 (1) (686 SE2d 284) (2009) (citation and punctuation omitted).

[7] *Merrill Lynch, Pierce, Fenner & Smith v. Landau-Taylor*, 357 Ga. App. 818, 823 (2) (a) (849 SE2d 504) (2020) (citation and punctuation omitted).

[8] *Wammock v. Smith*, 143 Ga. App. 186, 187 (1) (237 SE2d 668) (1977).

[9] *Merrill Lynch*, 357 Ga. App. at 822 (2) (a) (citation and punctuation omitted).

6

contrast, knowledge of the agent is normally imputed to the principal.[10] Both the trustee/beneficiary and principal/agent relationships, however, involve a fiduciary duty on the part of the trustee and agent.[11]

Still, even applying agency law, Kight's and Lankford's knowledge about the alleged fraudulent schemes with the Attorneys would not impute to Small. Knowledge is not imputed where "the person claiming the benefit of the notice or those whom he represents, colluded with the agent to cheat or defraud the principal."[12] Here, Small alleges that the Attorneys colluded with Kight and Lankford to defraud the trust. Thus, under principles of agency law, knowledge would not impute to Small.

2. The Attorneys argue that the beneficiaries failed to exercise reasonable diligence to discover potential fraud after receiving certain disclosure letters from the Attorneys. The Attorneys point to two letters in particular: a 2006 letter in which the

---

[10] See *AT&T Corp. v. Property Tax Svcs.*, 288 Ga. App. 679, 685 (1) (655 SE2d 295) (2007).

[11] See *Goldston v. Bank of America Corp.*, 259 Ga. App. 690, 694-695 (577 SE2d 864) 870 (2003); *Moore v. Harry Norman Realtors*, 199 Ga. App. 233, 235 (1) (404 SE2d 793) (1991).

[12] *Southern Dev. Co. v. Shepco Paving*, 206 Ga. App. 535, 536 (3) (426 SE2d 234) (1992) (citation and punctuation omitted).

7

Attorneys stated that they were only representing a trust-owned LLC for a certain transaction and encouraged the beneficiaries to consult their own counsel; and a 2007 letter regarding the Playmore transaction in which the Attorneys indicated that Kight and Lankford assigned the values for the individual tracts and did not perform an appraisal.

Under OCGA § 9-3-96, the fraud-based tolling statute, "[i]f the defendant [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." "[T]o toll the statute of limitation under this statute, a plaintiff must show that: (1) a defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover the cause of action despite [his] failure to do so within the statute of limitation."[13]

> In considering what actions will toll the running of a limitation period, the Supreme Court of Georgia has distinguished between cases where the underlying claim is actual fraud, and cases where the underlying claim is something other than fraud. When the gravamen of

---

[13] *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 842 (1) (815 SE2d 169) (2018) (punctuation and footnotes omitted).

8

the underlying complaint is actual fraud, the limitation period is tolled until such fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence. On the other hand, when the gravamen of the underlying action is not a claim of fraud, the statute of limitation is tolled only upon a showing of a separate independent actual fraud involving moral turpitude which deters a plaintiff from filing suit.[14]

"Whether a party exercised reasonable care in discovering the fraud is generally a jury question."[15] However, "this is not always the case. A party may fail to exercise due diligence as a matter of law."[16] Here, given the complex and convoluted transactions involved in the alleged frauds, and the fact that the Attorneys' letters did not clearly disclose the self-dealing by Kight and Lankford or the extent they misappropriated trust funds, we cannot say that the beneficiaries failed to exercise due diligence as a matter of law.[17]

---

[14] *Rollins*, 345 Ga. App. at 843 (1) (punctuation and footnotes omitted).

[15] *Smith v. SunTrust Bank*, 325 Ga. App. 531, 541 (754 SE2d 117) (2014) (citation and punctuation omitted).

[16] Id. at 544 (citation and punctuation omitted).

[17] See id. at 541-542 (genuine issue of material fact existed regarding whether plaintiff should have discovered fraud because "a jury could find that the incomplete disclosure [from the trustees] was inherently deceptive").

9

3. (a) The Attorneys argue that the trial court erred in applying the tolling provisions of OCGA § 9-3-99. They also contend that the court, rather than a jury, should decide whether the claims in this case "arise from" an alleged crime under OCGA § 9-3-99.

As applicable to this appeal, under OCGA § 9-3-99:

The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years[.]

The reach of OCGA § 9-3-99 can be quite broad. For example, in *Harrison v. McAfee*, a masked man burst into a bar and shot the plaintiff.[18] The shooter was never found, and more than two years later, the plaintiff filed a premises liability lawsuit against the bar owner.[19] We held that OCGA § 9-3-99 tolled the statute of limitation for the plaintiff's action against the bar owner because "the statute applie[d]

---

[18] 338 Ga. App. 393 (788 SE2d 872) (2016).

[19] Id.

regardless of whether the defendant in the case ha[d] been accused of committing the crime from which the cause of action ar[ose]."[20] "Almost any causal connection or relationship" between the defendant and the alleged crime satisfies the statute's requirements.[21] The Supreme Court of Georgia has also broadly applied OCGA § 9-3-99, holding that the statute was applicable to torts arising out of crimes as minor as traffic misdemeanors.[22]

In this case, the trial court correctly concluded that, because Small alleged that they were victims of various crimes committed by Kight and Lankford, OCGA § 9-3-99 was applicable to all the torts asserted by Small.[23] However, the court ultimately found that it was a jury question as to whether the torts alleged by Small arose out of the facts and circumstances of the alleged crimes. We disagree that this decision is a jury question, because "[a]lmost any causal connection or relationship will do[,]"[24]

---

[20] Id. at 402 (3).

[21] Id. at 398 (2) (b) (citation and punctuation omitted).

[22] See *Beneke v. Parker*, 285 Ga. 733, 734-735 (684 SE2d 243) (2009).

[23] See *Harrison*, 338 Ga. App. at 402 (3).

[24] Id. at 398 (2) (b) (citation and punctuation omitted).

11

a condition satisfied in this case. Given the six-year[25] tolling provision of OCGA §

9-3-99 and the four-year statute of limitation for fraud claims,[26] Small's complaint

was timely filed as to any alleged torts or crimes occurring after April 26, 2007.

Accordingly, we reverse the trial court to the extent that it reserved the applicability

of OCGA § 9-3-99 as a jury question.[27]

(b) The Attorneys contend that the claims against them arise from contractual

attorney-client relationships and are ineligible for tolling. We disagree.

---

[25] Although the statute of limitations for criminal fraud is four years under OCGA § 17-3-1 (c), the limitation period does not begin to run until the crime is discovered. See *Stack-Thorpe v. State*, 270 Ga. App. 796, 799 (1) (608 SE2d 289) (2004); *Merritt v. State*, 254 Ga. App. 788, 789 (1) (a) (564 SE2d 3) (2002); see also OCGA § 17-3-2. However, the tolling provision of OCGA § 9-3-99 only runs "from the date of the commission of the alleged crime or the act giving rise to such action in tort[.]" Because the beneficiaries were not on notice regarding potential fraud until 2011 at the earliest, as discussed in Division 8 infra, the resulting tolling period for OCGA § 9-3-99 under the facts of this case was six years from the date of the alleged criminal offenses.

[26] See *McClung Surveying v. Worl*, 247 Ga. App. 322, 324 (1) (541 SE2d 703) (2000) (four-year statute of limitations governs claims for fraud); see also OCGA § 9-3-31.

[27] We note that "we are constrained by the language of the statute to reach this result. . . . [A]ny undesirable result is a matter properly addressed by the General Assembly rather than the courts." *Harrison*, 338 Ga. App. at 402 (3) (citation and punctuation omitted).

Although OCGA § 9-3-99 does not toll the limitation period for contract actions,[28] Small's claims here are tort-based claims.[29] And while "[a] legal malpractice action may sound either in tort or in contract," Small's claims do not allege negligence or unskillfulness, which would be contract-based claims.[30]

4. The Attorneys argue that the trial court lacked jurisdiction to grant a reconsideration motion filed outside the term of court in which the trial court entered the summary judgment order. We disagree.

A trial court does not have jurisdiction to consider a motion for reconsideration if the motion was filed outside the term in which the judgment was entered.[31] However, "summary judgment orders which do not dispose of the entire case are considered interlocutory and remain within the breast of the court until final judgment is entered. They are subject to revision at any time before final judgment unless the

---

[28] See *Cuffie v. Armstrong*, 355 Ga. App. 471, 476 (1) (843 SE2d 599) (2020), overruled on other grounds by *Armstrong v. Cuffie*, Case No. S20G1404, __ Ga. __ (June 21, 2021).

[29] See OCGA § 51-6-1 (tort of fraud); *Wachovia Bank of Ga., N.A. v. Namik*, 275 Ga. App. 229, 232 (2) (a) (620 SE2d 470) (2005) ("[A]n action for a breach of fiduciary duty lies in tort.").

[30] See *Cuffie*, 355 Ga. App. at 473 (1).

[31] See *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004).

13

court issues an order upon express direction under OCGA § 9-11-54 (b)."[32] Here, because the order did not dispose of all the claims and the court did not enter the order under OCGA § 9-11-54 (b), the court had jurisdiction to issue a reconsideration order.[33]

5. The Attorneys contend that the trial court applied the incorrect statute of limitation to the claims under the LLC Act.

In their first amended complaint, Small alleged that the Attorneys breached their fiduciary duties under the LLC Act. Specifically, Small alleged that Antley was a manager and officer for CP Partners, a trust-owned company. Small contended that Antley, with the aid and assistance of Miller & Martin, breached his fiduciary duties to CP Partners by permitting Kight to take a $4.2 million distribution for the assets of CP Partners and by approving a $10 million line of credit for Kight.

Under OCGA § 14-11-305 (1), "[a] member or manager shall act in a manner he or she believes in good faith to be in the best interests of the [LLC] and with the care an ordinarily prudent person in a like position would exercise under similar

---

[32] *Bourff v. Green Tree Servicing*, 321 Ga. App. 320, 323 (3) (741 SE2d 175) (2013) (citation and punctuation omitted).

[33] See id.

14

circumstances." Thus, "a managing member must act with the utmost good faith and loyalty in managing the LLC."[34]

"Georgia has no specific statute of limitation for breach of fiduciary duty claims. Instead, we examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation."[35] We agree that a four-year statute of limitation is applicable to this claim, because Small's primary allegations are fraud-based claims, and because Small did not allege a specific violation of the LLC agreement.[36] However, as discussed in Division 3 (a), supra, OCGA § 9-3-99 tolls this statute of limitation, rendering Small's complaint timely.

6. The Attorneys argue that Small's claims of aiding and abetting a breach of fiduciary duty are not supported in the complaint by the requisite malicious intent.

A plaintiff may recover for aiding and abetting breach of fiduciary duty upon proof of the following elements: (1) through improper action

---

[34] *Internal Medicine Alliance v. Budell*, 290 Ga. App. 231, 237 (4) (659 SE2d 668) (2008) (citation and punctuation omitted).

[35] *Niloy & Rohan, LLC v. Sechler*, 335 Ga. App. 507, 512 (782 SE2d 293) (2016) (punctuation and footnote omitted).

[36] Compare *Kothari v. Patel*, 262 Ga. App. 168, 174 (3) (585 SE2d 97) (2003) (applying a four-year statute of limitation for fraud-based fiduciary claims), with *Niloy*, 335 Ga. App. at 512 (2) (applying a six-year statute of limitation for fiduciary claims arising out of the operating agreement).

15

or wrongful conduct and without privilege, the defendant acted to procure a breach of the primary wrongdoer's fiduciary duty to the plaintiff; (2) with knowledge that the primary wrongdoer owed the plaintiff a fiduciary duty, the defendant acted purposely and with malice and the intent to injure; (3) the defendant's wrongful conduct procured a breach of the primary wrongdoer's fiduciary duty; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.[37]

Given the amounts stolen by Kight and Lankford and Small's allegations that the Attorneys knowingly prepared documents to further these thefts, the trial court did not err in declining to dismiss the aiding and abetting claims.[38]

*Case No. A21A0224*

7. Small argues that the trial court erred in imputing the beneficiaries' knowledge of the alleged fraud to Small. He contends that, because he became trustee in 2015 and filed the instant lawsuit in 2017, all the fraud claims were timely filed.

---

[37] *Wright v. Apartment Inv. & Mgmt. Co.*, 315 Ga. App. 587, 595-596 (3) (b) (726 SE2d 779) (2012) (citation, punctuation, and footnotes omitted).

[38] See *Adams v. McGehee*, 211 Ga. 498, 500 (4) (86 SE2d 525) (1955) ("[A]ll persons who aid or assist trustees of any character, with knowledge of their misconduct in misapplying assets, are directly accountable to the person injured.").

16

As noted above, "to toll the statute of limitation under this statute, a plaintiff must show that: (1) a defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover the cause of action despite her failure to do so within the statute of limitation."[39]

However, "the deterrence of a plaintiff from bringing suit[ ]" under OCGA § 9-3-96 "still must be established[.]"[40] In this case, by the time Small became trustee, he was already aware of potential fraud on behalf of Kight, Lankford, and the Attorneys and was not deterred from bringing suit. We thus look to the beneficiaries' "discovery of the fraud[ ]"[41] in determining when the tolling under OCGA § 9-3-96 ended.

To the extent Small urges us to expand the applicability of OCGA § 53-12-307 (b) to allow successor trustees to sue third parties within two years, we decline to do so. Under that section, "[a] successor trustee's claim against a predecessor trustee

---

[39] *Rollins*, 345 Ga. App. at 842 (punctuation and footnotes omitted).

[40] *Godwin v. Mizpah Farms*, 330 Ga. App. 31, 41 (3) (b) (766 SE2d 497) (2014) (citation and punctuation omitted).

[41] *Goldston*, 259 Ga. App. at 695 (punctuation and footnote omitted).

17

shall be barred unless a proceeding to assert such claim is commenced within two years after such successor trustee takes office." The statute does not mention claims against third parties. Modification of this statute is an area more suited to the General Assembly, rather than the courts.[42]

8. Small argues that the beneficiaries did not have notice regarding potential claims of fraud against the Attorneys until September 2013, when Kight and Lankford began providing documentation to the beneficiaries. We disagree.

"[M]ere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations."[43] We have held that knowledge of a "potential problem," that "something was amiss," and facts which "should have raised a red flag" are sufficient to begin the running of the statute of limitations as it put a claimant on notice of his cause of action.[44]

In this case, the trial court correctly determined that the beneficiaries were on notice regarding the alleged fraud between 2011 and 2013, and at the latest March

---

[42] See *Beneke*, 285 Ga. at 735.

[43] *McClung*, 247 Ga. App. at 325 (1) (citation and punctuation omitted).

[44] See *Bauer v. Weeks*, 267 Ga. App. 617, 620 (600 SE2d 700) (2004); *McClung*, 247 Ga. App. at 325; *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983).

18

2013 when they filed their counterclaims against Kight and Lankford. The court noted that, according to the beneficiaries' counterclaim, the beneficiaries first became aware of Kight and Lankford's misdeeds in June 2011 and hired new attorneys to investigate trust assets in February 2012. To the extent Small argues that a 20-year statute of limitation is applicable under OCGA § 9-3-22, Small failed to raise this argument before the trial court, waiving appellate review.[45]

In summary, we affirm in Case No. A21A0224. We affirm in part in Case No. A21A0223, and reverse to the extent that the court reserved the applicability of OCGA § 9-3-99 as a jury question. Small's complaint was timely under OCGA § 9-3-99 as to any alleged torts or crimes occurring after April 26, 2007.

*Judgment affirmed in Case No. A21A0224. Judgment affirmed in part and reversed in part in Case No. A21A0223. Doyle, P. J., and Brown, J., concur.*

---

[45] See *Jones v. Sabal Trail Transmission*, 336 Ga. App. 513, 517 (2) (784 SE2d 865) (2016).